# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WI-LAN INC., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> SHARP CORPORATION and § <br> § <br> SHARP ELECTRONICS § <br> CORPORATION, § <br> § <br> Defendants. § <br> § | C.A. No. _____ <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT

Plaintiff Wi-LAN Inc., by and through its undersigned counsel, files this Complaint for Patent Infringement against Defendants Sharp Corporation and Sharp Electronics Corporation (collectively, "Sharp").

## THE PARTIES

1. Plaintiff Wi-LAN Inc. ("Wi-LAN") is a corporation formed under the laws of the country of Canada with its principal place of business at 303 Terry Fox Drive, Suite 300, Ottawa, Ontario, Canada, K2K 3J1. Wi-LAN is a leading technology innovation and licensing business actively engaged in research, development, and licensing of new technologies.

2. Upon information and belief, Sharp Corporation is a company incorporated in Japan located at 22-22 Negaikecho, Abeno-Ku, Osaka 545-8522, Japan. Upon information and belief, Sharp Corporation may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

3. Upon information and belief, Sharp Electronics Corporation ("Sharp Electronics") is a New York corporation headquartered at Sharp Plaza, Mahwah, New Jersey 07430. Upon information and belief, Sharp Electronics may be served with process by serving its registered agent, C T Corporation System, 111 Eighth Avenue, New York, New York 10011.

4. Upon information and belief, Sharp Corporation is the parent of Sharp Electronics.

5. Upon information and belief, Sharp has conducted and regularly conducts business within this District, has purposefully availed itself of the privileges of conducting business in this District, and has sought protection and benefit from the laws of the State of Delaware.

## JURISDICTION AND VENUE

6. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

7. As further detailed herein, this Court has personal jurisdiction over Sharp Electronics. Sharp Electronics is amenable to service of summons for this action. Furthermore, personal jurisdiction over Sharp Electronics in this action comports with due process. Sharp America has conducted and regularly conducts business within the United States and this District. Sharp America has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in Delaware and this District. Sharp Electronics has sought protection and benefit from the laws of the State of Delaware by placing infringing products into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be purchased by consumers in this District.

8. Sharp Electronics – directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents – ships, distributes, offers for sale, and/or sells its products in the United States and this District. Sharp Electronics has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the awareness and/or intent that they will be purchased by consumers in this District. Sharp Electronics knowingly and purposefully ships infringing products into and within this District through an established distribution channel. These infringing products have been and continue to be purchased by consumers in this District. Upon information and belief, through those activities, Sharp Electronics has committed the tort of patent infringement in this District and/or has induced others to commit patent infringement in this District. Plaintiff's cause of action for patent infringement arises directly from Sharp Electronics' activities in this District.

9. As further detailed herein, this Court has personal jurisdiction over Sharp Corporation. Sharp Corporation is amenable to service of summons for this action. Furthermore, personal jurisdiction over Sharp Corporation in this action comports with due process. Sharp Corporation has conducted and regularly conducts business within the United States and this District. Sharp Corporation has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in Delaware and this District. Sharp Corporation has sought protection and benefit from the laws of the State of Delaware by maintaining offices of its United States subsidiaries in Delaware and/or by placing infringing products into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be purchased by consumers in this District.

10. Sharp Corporation – directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents – ships, distributes, offers for sale,

and/or sells its products in the United States and this District. Sharp Corporation has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the awareness and/or intent that they will be purchased by consumers in this District. Sharp Corporation knowingly and purposefully ships infringing products into and within this District through an established distribution channel. These infringing products have been and continue to be purchased by consumers in this District. Upon information and belief, through those activities, Sharp Corporation has committed the tort of patent infringement in this District and/or has induced others to commit patent infringement in this District. Plaintiff's cause of action for patent infringement arises directly from Sharp Corporation's activities in this District.

11.  Venue is proper in this Court according to the venue provisions set forth by 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Sharp is subject to personal jurisdiction in this District, and therefore is deemed to reside in this District for purposes of venue. Upon information and belief Sharp has committed acts within this judicial District giving rise to this action and does business in this District, including but not limited to making sales in this District, providing service and support to their respective customers in this District, and/or operating an interactive website, available to persons in this District that advertises, markets, and/or offers for sale infringing products.

**BACKGROUND**

**A.  The Patents-In-Suit.**

12.  U.S. Patent No. 6,359,654 titled "Methods and Systems for Displaying Interlaced Video on Non-Interlaced Monitors" ("the '654 patent") was duly and legally issued by the U.S. Patent and Trademark Office on March 19, 2002, after full and fair examination. Stephen G. Glennon, David A. G. Wilson, Michael J. Brunolli, and Benjamin Edwin Felts, III are the named

inventors listed on the '654 patent. The '654 patent has been assigned to Plaintiff Wi-LAN Inc., and Plaintiff Wi-LAN Inc. holds all rights, title, and interest in the '654 patent, including the right to collect and receive damages for past, present and future infringements. A true and correct copy of the '654 patent is attached as **Exhibit A** and made a part hereof.

13. U.S. Patent No. 5,847,774 titled "Video Signal Peaking Circuit" ("the '774 patent") was duly and legally issued by the U.S. Patent and Trademark Office on December 8, 1998, after full and fair examination. Hyun-Duk Cho is the sole inventor listed on the '774 patent. The '774 patent has been assigned to Plaintiff Wi-LAN Inc., and Plaintiff Wi-LAN, Inc. holds all rights, title, and interest in the '774 patent, including the right to collect and receive damages for past, present and future infringements. A true and correct copy of the '774 patent is attached as **Exhibit B** and made a part hereof.

14. U.S. Patent No. 6,490,250 titled "Elementary Stream Multiplexer" ("the '250 patent") was duly and legally issued by the U.S. Patent and Trademark Office on December 3, 2002, after full and fair examination. Richard Hinchley, Govind Kizhepat and Phillip Love are listed as the inventors on the '250 patent. The '250 patent has been assigned to Plaintiff Wi-LAN Inc., and Plaintiff Wi-LAN, Inc. holds all rights, title, and interest in the '250 patent, including the right to collect and receive damages for past, present and future infringements. A true and correct copy of the '250 patent is attached as **Exhibit C** and made a part hereof.

15. By assignment, Wi-LAN Inc. owns all right, title, and interest in and to the '654 patent, the '774 patent, and '250 patents (collectively, "the Patents-in-Suit").

**B.     Sharp's Infringing Conduct.**

16. Upon information and belief, Sharp makes, uses, offers to sell, and/or sells within, and/or imports into the United States display products that incorporate the fundamental technologies covered by the Patents-in-Suit. Upon information and belief, the infringing display

products include, but are not limited to, digital televisions.  By way of example only, Plaintiff identifies the LC-40LE830U, LC-60LE650U, LC-60LE847U, and LC-60LE857U digital televisions as infringing products of one or more of the Patents-in-Suit.  Similar models of Sharp digital televisions are believed to infringe as well.

17. By incorporating the fundamental inventions covered by the Patents-in-Suit, Sharp can make improved products with features, including but not limited to, accurate display of interlaced video on a non-interlaced display, enhanced transitions in displayed images, and adjusting rates of streaming media data. Upon information and belief, third-party distributors purchase and have purchased Sharp's infringing display products for sale or importation into the United States, including this District. Upon information and belief, third-party consumers use and have used Sharp's infringing display products in the United States, including this District.

18. Upon information and belief, Sharp has purchased infringing display products that are made, used, offered for sale, sold within, and/or imported into the United States, including this District by third party manufacturers, distributors, and/or importers.

## COUNT I

### Patent Infringement of U.S. Patent No. 6,359,654

19. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-18 as though fully set forth herein.

20. The '654 patent is valid and enforceable.

21. Sharp has never been licensed, either expressly or impliedly, under the '654 patent.

22. Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Sharp of its alleged infringement. Upon information and belief, Plaintiff

surmises that any express licensees of the '654 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '654 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

23. Upon information and belief, Sharp has been and is directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '654 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '654 patent, including but not limited to digital televisions (*e.g.*, the LC-40LE830U, and LC-60LE847U), their display components, and/or other products made, used, sold, offered for sale, or imported by Sharp that include all of the limitations of one or more claims of the '654 patent.

24. Upon information and belief, distributors and consumers that purchase Sharp's products that include all of the limitations of one or more claims of the '654 patent, including but not limited to digital televisions (*e.g.*, the LC-40LE830U, and LC-60LE847U), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '654 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

25. Upon information and belief, the third-party manufacturers, distributors, and importers that sell display products to Sharp that include all of the limitations of one or more claims of the '654 patent, also directly infringe, either literally or under the doctrine of

equivalents, under 35 U.S.C. § 271(a), the '654 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

26. Upon information and belief, Sharp had knowledge of the '654 patent and its infringing conduct at least since April 3, 2013, when Sharp was formally placed on notice of its infringement.

27. Upon information and belief, since at least the above-mentioned date when Plaintiff formally placed Sharp on notice of its infringement, Sharp has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '654 patent. Since at least the notice provided on the above-mentioned date, Sharp does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '654 patent. Upon information and belief, Sharp intends to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Sharp has taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

28. Upon information and belief, Sharp's acts of infringement of the '654 patent have been willful and intentional. Since at least the above-mentioned date of notice, Sharp has acted with an objectively high likelihood that its actions constituted infringement of the '654 patent by

refusing to take a license and continuing to make and sell its display products, including but not limited to digital televisions (*e.g.*, the LC-40LE830U, and LC-60LE847U), and the objectively-defined risk was either known or so obvious that it should have been known.

29. As a direct and proximate result of these acts of patent infringement, Sharp has encroached on the exclusive rights of Plaintiff and its licensees to practice the '654 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT II

### Patent Infringement of U.S. Patent No. 5,847,774

30. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-29 as though fully set forth herein.

31. The '774 patent is valid and enforceable.

32. Sharp has never been licensed, either expressly or impliedly, under the '774 patent.

33. Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Sharp of its alleged infringement. Upon information and belief, Plaintiff surmises that any express licensees of the '774 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '774 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

34. Upon information and belief, Sharp has been and is directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '774 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers

(directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '774 patent, including but not limited to digital televisions (*e.g.*, the LC-60LE650U and LC-60LE847U), their display components, and/or other products made, used, sold, offered for sale, or imported by Sharp that include all of the limitations of one or more claims of the '774 patent.

35. Upon information and belief, distributors and consumers that purchase Sharp's products that include all of the limitations of one or more claims of the '774 patent, including but not limited to digital televisions (*e.g.*, the LC-60LE650U and LC-60LE847U), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '774 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

36. Upon information and belief, the third-party manufacturers, distributors, and importers that sell display products to Sharp that include all of the limitations of one or more claims of the '774 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '774 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

37. Upon information and belief, Sharp had knowledge of the '774 patent and its infringing conduct at least since August 21, 2013, when Sharp was formally placed on notice of its infringement.

38. Upon information and belief, since at least the above-mentioned date when Plaintiff formally placed Sharp on notice of its infringement, Sharp has actively induced, under

U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '774 patent. Since at least the notice provided on the above-mentioned date, Sharp does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '774 patent. Upon information and belief, Sharp intends to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Sharp has taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

39. Upon information and belief, Sharp's acts of infringement of the '774 patent have been willful and intentional. Since at least the above-mentioned date of notice, Sharp has acted with an objectively high likelihood that its actions constituted infringement of the '774 patent by refusing to take a license and continuing to make and sell its display products, including but not limited to digital televisions (*e.g.*, the LC-60LE650U and LC-60LE847U), and the objectively-defined risk was either known or so obvious that it should have been known.

40. As a direct and proximate result of these acts of patent infringement, Sharp has encroached on the exclusive rights of Plaintiff and its licensees to practice the '774 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## COUNT III

**Patent Infringement of U.S. Patent No. 6,490,250**

41. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-40 as though fully set forth herein.

42. The '250 patent is valid and enforceable.

43. Sharp has never been licensed, either expressly or impliedly, under the '250 patent.

44. Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff has complied with the requirements of that statute by providing actual or constructive notice to Sharp of its alleged infringement. Upon information and belief, Plaintiff surmises that any express licensees of the '250 patent have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '250 patent on all goods made, offered for sale, sold within, and/or imported into the United States that embody one or more claims of that patent.

45. Upon information and belief, Sharp has been and is directly infringing under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, and/or indirectly infringing, by way of inducement with specific intent under 35 U.S.C. § 271(b), the '250 patent by making, using, offering to sell, and/or selling to third-party manufacturers, distributors, and/or consumers (directly or through intermediaries and/or subsidiaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display products that include all of the limitations of one or more claims of the '250 patent, including but not limited to digital televisions (*e.g.*, the LC-60LE650U and LC-60LE857U), their display components, and/or other products made, used, sold, offered for sale, or imported by Sharp that include all of the limitations of one or more claims of the '250 patent.

46. Upon information and belief, distributors and consumers that purchase Sharp's products that include all of the limitations of one or more claims of the '250 patent, including but not limited to digital televisions (*e.g.*, the LC-60LE650U and LC-60LE857U), also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '250 patent by using, offering to sell, and/or selling infringing display products in this District and elsewhere in the United States.

47. Upon information and belief, the third-party manufacturers, distributors, and importers that sell display products to Sharp that include all of the limitations of one or more claims of the '250 patent, also directly infringe, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), the '250 patent by making, offering to sell, and/or selling infringing products in this District and elsewhere within the United States and/or importing infringing products into the United States.

48. Upon information and belief, since at least the above-mentioned date when Plaintiff formally placed Sharp on notice of its infringement, Sharp has actively induced, under U.S.C. § 271(b), third-party manufacturers, distributors, importers and/or consumers to directly infringe one or more claims of the '250 patent. Since at least the notice provided on the above-mentioned date, Sharp does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '250 patent. Upon information and belief, Sharp intends to cause infringement by these third-party manufacturers, distributors, importers, and/or consumers. Sharp has taken affirmative steps to induce their infringement by, *inter alia*, creating advertisements that promote the infringing use of display products, creating established distribution channels for these products into and within the United States, purchasing these products, manufacturing these products in conformity with U.S. laws and regulations,

distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States.

49. Upon information and belief, Sharp's acts of infringement of the '250 patent have been willful and intentional. Since at least the above-mentioned date of notice, Sharp has acted with an objectively high likelihood that its actions constituted infringement of the '250 patent by refusing to take a license and continuing to make and sell its display products, including but not limited to digital televisions (*e.g.*, the LC-60LE650U and LC-60LE857U), and the objectively-defined risk was either known or so obvious that it should have been known.

50. As a direct and proximate result of these acts of patent infringement, Sharp has encroached on the exclusive rights of Plaintiff and its licensees to practice the '250 patent, for which Plaintiff is entitled to at least a reasonable royalty.

## CONCLUSION

51. Plaintiff is entitled to recover from Sharp the damages sustained by Plaintiff as a result of Sharp's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

52. Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## JURY DEMAND

53. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

54. Plaintiff respectfully requests that the Court find in its favor and against Sharp, and that the Court grants Plaintiff the following relief:

A. A judgment that Sharp has infringed the Patents-in-Suit as alleged herein, directly and/or indirectly by way of inducing infringement of such patents;

B. A judgment for an accounting of all damages sustained by Plaintiff as a result of the acts of infringement by Sharp;

C. A judgment and order requiring Sharp to pay Plaintiff damages under 35 U.S.C. § 284, including up to treble damages for willful infringement as provided by 35 U.S.C. § 284, and any royalties determined to be appropriate;

D. A permanent injunction enjoining Sharp and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with them from direct and/or indirect infringement of the Patents-in-Suit pursuant to 35 U.S.C. § 283;

E. A judgment and order requiring Sharp to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

F. A judgment and order finding this to be an exceptional case and requiring Sharp to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

G. Such other and further relief as the Court deems just and equitable.


| | |
|---|---|
| Dated: May 11, 2015 | Respectfully submitted, |
| Of Counsel: | **FARNAN LLP** |
| Monte M. Bond | */s/ Michael J. Farnan* |
| Jeffrey R. Bragalone | Brian E. Farnan (Bar No. 4089) |
| Patrick J. Conroy | Michael J. Farnan (Bar No. 5165) |
| Terry Saad. | 919 North Market Street, 12th Floor |
| **BRAGALONE CONROY P.C.** | Wilmington, Delaware 19801 |
| Chase Tower, | 302-777-0300 Telephone |
| 2200 Ross Ave., Suite 4500W | 302-777-0301 Facsimile |
| Dallas, Texas 75201 | bfarnan@farnanlaw.com |
| 214-785-6670 Telephone | mfarnan@farnanlaw.com |
| 214-785-6680 Facsimile | |
| mbond@bcpc-law.com | |
| jbragalone@bcpc-law.com | |
| pconroy@bcpc-law.com | Attorneys for Plaintiff |
| tsaad@bcpc-law.com | **Wi-LAN, INC.** |