

May 13, 2016

**Via E-Filing**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Room 6124, Unit 26
Wilmington, DE 19801-3556

RE: <u>*Wi-LAN Inc. v. Sharp Corp., et al.,*</u> C.A. No. 15-cv-379-LPS-CJB

Dear Chief Judge Stark:

Plaintiff Wi-LAN, Inc. ("Plaintiff" or "Wi-LAN") respectfully requests leave to file the Second Amended Complaint against Defendants Sharp Corporation and Sharp Electronics Corporation (collectively, "Sharp"), and Hisense USA Corporation, Hisense International (Hong Kong) America Investment Co., Limited, and Hisense Co., Ltd. (collectively, "Hisense"). *See* Plaintiff's Second Amended Complaint, attached hereto as Ex. 1 (clean version) and Ex. 2 (redline versions) with accompanying Exhibits A-C. The amended complaint adds as parties Hisense USA Corporation, Hisense International (Hong Kong) America Investment Co., Limited, and Hisense Co., Ltd. in response to a business alliance between Sharp and Hisense for the sale of infringing televisions in the United States.

**Hisense Should Be Added As a Party**

Hisense is currently manufacturing and selling Sharp-branded televisions in the United States that infringe one or more of the patents-in-suit. Under the business alliance formed by Hisense and Sharp, Hisense and Sharp are jointly and severally liable for the infringement of the patents-in-suit resulting from the past and ongoing sales of these televisions. Questions of fact common to both Sharp and Hisense exist, including, for example, the infringement of the Hisense-manufactured televisions sold under the Sharp brand name and by contractual agreement from Sharp. Accordingly, joinder of Hisense to this lawsuit is proper under 35 U.S.C. § 299(a), and Plaintiff's Second Amended Complaint achieves the most efficient path towards resolution of the dispute between all involved parties for both the parties and this Court.

On July 31, 2015, Sharp and Hisense entered into an agreement to form a business alliance regarding Sharp's digital television business in North America and Central and South America, including sales of Sharp-branded digital televisions in the United States. Under the terms of the agreement, Hisense took over ownership and operations of Sharp's television manufacturing facility in Mexico and licensed the Sharp digital television brands for sales of Hisense-manufactured televisions to be sold, and offered for sale, in the United States under the Sharp brand names. Hisense USA Corporation, Hisense International (Hong Kong) America Investment Co., Limited, and Hisense Co., Ltd.—named in the Second Amended Complaint— are the entities engaged with Sharp in this agreement. The effective date of the alliance between Sharp and Hisense occurred on or about January 6, 2016. *See* Sharp Corporation Announcement, July 31, 2015 (available at http://www.sharp-world.com/corporate/ir/topics/pdf/150731-2.pdf). Sharp continues, and will continue, to sell digital televisions for corporate use in the United States. *Id.*

The Hisense-manufactured digital televisions that are covered under the terms of this business alliance are infringing one or more of the patents-in-suit. Under this alliance, Sharp and Hisense have engaged in a joint enterprise and/or as agents of one another in the responsibility for the making, having made, offering for sale, selling, importing, and/or using the display products that are the subject the Second Amended Complaint. Plaintiff's Motion for Leave is sought in the interests of justice and does not seek amendment on the basis of undue delay, bad faith, dilatory motive, or prejudice, nor are the claims futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Sharp's opposition is unjustified and Plaintiff's Motion should be granted.

**Leave to File the Second Amended Complaint Should Be Granted**

Fed. R. Civ. P. 15(a)(2) dictates that when a party seeks to amend its complaint, "[t]he court should freely give leave when justice so requires." The Supreme Court has stated that "this mandate is to be heeded." *Foman*, 371 U.S. at 182. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." *Foman*, 371 U.S. at 182; *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that a particular claim will be decided on the merits rather than on technicalities." *Aerocrine AB v. Apieron Inc.*, No. CIV. 08-787-LPS, 2010 WL 1225090, at *7 (D. Del. Mar. 30, 2010). Because Sharp cannot establish that any reason exists to deviate from the liberal policies of this Court in granting leave to amend pleadings, Plaintiff's Second Amended Complaint should be allowed.

**A. Plaintiff's Second Amended Complaint Is Timely**

Generally, "delay alone is not sufficient to justify denial of leave to amend." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir.2006). And under these circumstances, there was no delay at all. In the scheduling order submitted by the parties, and subsequently entered by the Court, the parties agreed on a deadline of May 5, 2016 to join parties and amend or supplement the pleadings (except for inequitable conduct and willful infringement). *See* Scheduling Order, D.I. 24. Plaintiff informed Sharp of its intention to request leave to file the Second Amended Complaint, and provided a copy of the Second Amended Complaint, prior to this deadline. To allow Sharp time to consider it position, the parties agreed to extend the deadline until May 13, 2016. *See* Stipulations to Extend Time, D.I. 44 and D.I. 45. Wi-LAN's Motion for Leave to File the Second Amended Complaint is hereby being submitted on May 13, 2016—prior to the deadline for joining parties and amending pleadings agreed to by the parties. On that basis alone, the amendment should be allowed.

The amendment is sought only one year after the Original Complaint was filed, a delay that is, under these circumstances, not "undue." *See Arthur*, 434 F.3d at 204 (wherein the Third Circuit noted that "only one appellate court . . . has approved . . . denial of leave to amend based on a delay of less than one year."). Further, the business alliance between Sharp and Hisense began in January 2016, a mere four months prior to this Motion. And sales of the infringing products under the business alliance began even more recent than that. Thus, any perceived delay by Wi-LAN is justified.

**B. Plaintiff's Motion Is Not Sought In Bad Faith Or With Dilatory Motive**

There is no evidence that Wi-LAN's Motion is brought in bad faith or with dilatory motive. To the contrary, Wi-LAN has acted in good faith by providing a copy of the Second Amended Complaint to Sharp in seeking its position. Wi-LAN requested leave of Court to file the amended complaint within the timeframe agreed to by the parties. And Wi-LAN has not delayed its case against Sharp while preparing to add Hisense to the case. Discovery is at its early stages and Wi-LAN has complied with all required deadlines and discovery disclosures to this point in the case. Rather than filing a separate suit against Hisense that would have overlapping issues with this case, the addition of Hisense to the case is intended to streamline further litigation between the parties and result in in a faster resolution.

### C. Sharp Is Not Prejudiced By the Second Amended Complaint

In seeking Sharp's position on the Motion for Leave, Sharp indicated its opposition to Plaintiff, but did not voice any prejudice brought upon it by joining Hisense to the case. The "non-moving party has the burden of proving that actual prejudice will result from amendment of the complaint." *Aerocrine AB*, 2010 WL 1225090 at *7 (citations omitted). In proving prejudice, the non-moving party "must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989)

Indeed, there is no prejudice. The addition of Hisense will, instead, streamline the disputes of all parties regarding the infringement of the products covered by the Sharp and Hisense business alliance. Rather than filing a separate suit on this limited set of products, the addition of Hisense to this suit will serve the efficient resolution of the disputes between all parties involved. Because discovery in this case is still in the initial stages, neither Sharp nor Hisense will be deprived of the opportunity to present facts or evidence. *See id.* (finding that neither the party already in suit nor the added party were deprived of the chance to present facts or evidence since the case was still in the initial stages of discovery). Early discovery disclosures have been exchanged between the parties, but no depositions or third-party disclosures have occurred yet. Fact discovery is not set to close in this case until March 31, 2017 and claim construction proceedings have not yet begun. Sharp cannot claim any prejudice by the adding of Hisense at this early stage in the litigation.

### D. Because Hisense Is a Proper Party to This Suit, Wi-LAN's Amendment Is Not Futile

Under Rule 15, an amendment is considered futile if it cannot withstand a motion to dismiss. *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir.1988); *Site Microsurgical Sys., Inc. v. Cooper Co.*, 797 F.Supp. 333, 336 (D.Del.1992). As stated in the Second Amended Complaint, Wi-LAN has a proper claim of infringement against Hisense that overlaps with its claims against Sharp based on a common set of accused products. These facts, accepted as true, establish a legally sufficient claim against Hisense and support Wi-LAN's claims which entitle them to relief. *See Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996) (Under Fed.R.Civ.P. 12(b)(6), the court "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."). Thus, the amendment contained in the Second Amended Complaint is not futile and this factor favors granting the Motion for Leave.

Because each of the *Foman* factors weighs in favor of allowing the amendment, Wi-LAN respectfully requests that the Court grant the Motion and enter the Second Amended Complaint.

                        Respectfully submitted,

                        /s/ Michael J. Farnan

                        Michael J. Farnan

cc:     Counsel of Record (via E-File)