IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WI-LAN INC., <br><br> Plaintiff, <br><br> v. <br><br> SHARP ELECTRONICS CORPORATION, <br><br> Defendant. | C.A. No. 15-379-LPS |

## MEMORANDUM ORDER

At Wilmington this **22nd** day of **September, 2017**:

1. On November 8, 2016, Plaintiff Wi-LAN Inc. ("Wi-LAN") filed a motion seeking to voluntarily dismiss its claim for infringement of U.S. Patent No. 5,847,774 (the "'774 patent") from this case. (D.I. 114) Wi-LAN urges the Court to enter a dismissal without prejudice under Federal Rule of Civil Procedure ("Rule(s)") 41(a)(2). Wi-LAN also requests an order that "the parties . . . bear their own fees and costs related to the '774 patent." (*Id.* at 11)

2. Defendant Sharp Electronics Corporation ("SEC") opposes both aspects of Wi-LAN's motion and contends that the Court's Rule 41(a)(2) dismissal of the '774 patent should be with prejudice. (*See* D.I. 139) As an alternative basis for such a dismissal, SEC moved to dismiss under Rule 41(b) for failure to prosecute. (D.I. 138)

3. The Court agrees with SEC that these pending motions present two questions: (i) whether dismissal of Wi-LAN's claim for infringement of the '774 patent should be with or without prejudice; and (ii) whether the dismissal should "extinguish SEC's right to request fees at a later time." (D.I. 150 at 1) The Court will address each issue in turn.

4.    ***Dismissal***.  At this stage in the litigation, Wi-LAN's voluntary dismissal may occur only "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." *Id.*  Finally, "[u]nless the order states otherwise, a dismissal under [Rule 41(a)(2)] is without prejudice." *Id.*

Although the Court's decision on a motion for voluntary dismissal without prejudice is discretionary, "the general rule is that such a motion should be granted liberally." *Baldinger v. Cronin*, 535 F. App'x 78, 80 (3d Cir. 2013). An exception arises where the defendant "will suffer plain legal prejudice," beyond the "mere prospect that [it] will face a subsequent lawsuit." *Reach & Assocs., P.C. v. Dencer*, 2004 WL 253487, at *1 (D. Del. Feb. 9, 2004).  In assessing the prejudice to SEC from a dismissal without prejudice, the Court considers: "[(1)] any excessive and duplicative expense of a second litigation; [(2)] the effort and expense incurred by [SEC] in preparing for trial; [(3)] the extent to which the pending litigation has progressed; and [(4)] the claimant's diligence in moving to dismiss." *Id.* (internal quotation marks omitted). Where appropriate, the Court can enter a dismissal with prejudice even if the plaintiff files its Rule 41 motion specifically seeking a dismissal without prejudice. *See Chodorow v. Roswick*, 160 F.R.D. 522, 523-24 (E.D. Pa. 1995); Fed. R. Civ. P. 41(a)(2) (providing for dismissal "on terms that the court considers proper"); *see generally Schandelmeier v. Otis Div. of Baker-Material Handling Corp.*, 143 F.R.D. 102 (W.D. Pa. 1992).

This case was filed on May 11, 2015 (D.I. 1), and a scheduling order was entered on February 8, 2016 (D.I. 24). The deadline for Wi-LAN to serve preliminary infringement

2

contentions was January 29, 2016. (*Id.*) SEC was, in turn, required to respond with production of core technical documents by March 31, 2016. (*Id.*) In June 2016, the parties asked the Court to resolve certain disputes over this discovery. (*See* D.I. 61) During a teleconference held on July 29, 2016, Wi-LAN admitted that it still did not have information from third parties that it would need to satisfy its obligations with respect to its disclosures as they pertained to the '774 patent. (*See* D.I. 91 at 5-6, 23-24) The Court ordered Wi-LAN to supplement its preliminary infringement contentions, and asked the parties to supply a schedule for that and other deadlines. (*Id.* at 33; *see also* D.I. 98) After the call, Wi-LAN told the Court that, "[i]n order to avoid delay and minimize any changes to the current schedule," Wi-LAN had "made the strategic decision" to dismiss its claims for infringement of the '774 patent "*with* prejudice." (D.I. 88 at 1 (emphasis added))

    Wi-LAN states that, at the time it informed SEC and the Court of its intent to seek dismissal, only "limited discovery" had been accomplished, no depositions had been taken, and the case as a whole "had not substantially progressed." (D.I. 144 at 8) Wi-LAN argues that it was "diligent in dropping the '774 patent once it was clear the schedule would have to be moved otherwise." (*Id.*) But Wi-LAN's failure to timely obtain the information it needed to pursue its claims with respect to the '774 patent – claims for patent infringement which *Wi-LAN* chose to bring in this lawsuit, and was given (pursuant to a scheduling order) a full and fair opportunity to litigate *in this lawsuit* – was at least part of the reason for these scheduling challenges arising.[1] Combining this reality with Wi-LAN's explicit and unconditional representation to the Court that

---

[1] The Court agrees with SEC that Wi-LAN's obligation to seek third-party discovery extended beyond merely serving subpoenas upon those parties.

it would dismiss the '774 patent with prejudice, the Court concludes that such a dismissal is the appropriate course.

    5.    *Costs*: Wi-LAN essentially asks the Court to foreclose any SEC motion for an exceptional case designation under 35 U.S.C. § 285, to the extent such a motion would be tied to litigation over the '774 patent. Wi-LAN cites no authority or persuasive justification for this proposal.

    6.    Accordingly, for the reasons given, **IT IS HEREBY ORDERED** that:

    a.    Wi-LAN's motion to dismiss under Rule 41(a)(2) (D.I. 114) is **GRANTED**, except that such dismissal shall be **WITH PREJUDICE**.

    b.    This dismissal is without prejudice to SEC's pursuit of an exceptional case designation at the close of this litigation should SEC have a good faith basis for doing so.

    c.    SEC's motion to dismiss for failure to prosecute (D.I. 138) is **DENIED AS MOOT**.

    d.    The parties shall meet and confer and, no later than September 26, submit a joint status report informing the Court as to their position(s) regarding the status of any relevant SEC counterclaims that remain pending.[2]

---

[2] It does not appear to the Court that any effective covenant with respect to the '774 patent exists. As SEC notes, the purported covenants were placed in conditional stipulations that were never fully executed. (D.I.150 at 6-7; *see id.* Ex. C.)

e.  As this Memorandum Order has been filed under seal, the parties shall meet and confer and submit, no later than September 26, a proposed redacted version of it, should they feel they have good cause to request that any portion of it remain sealed. Thereafter, the Court will issue a public version.

> HON. LEONARD P. STARK
> UNITED STATES DISTRICT JUDGE