# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WI-LAN INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 15-379-LPS |
| SHARP ELECTRONICS CORPORATION, | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| WI-LAN INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 15-788-LPS |
| VIZIO, INC., | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

At Wilmington this **2nd** day of **January, 2019**:

Pending before the Court are Plaintiff Wi-LAN Inc.'s ("Plaintiff") Motions for Summary Judgment of Infringement (C.A. No. 15-379 D.I. 406; C.A. No. 15-788 D.I. 334), Defendants Sharp Electronics Corporation and Vizio, Inc.'s (collectively, "Defendants") Motions to Preclude the Expert Opinions of Craig K. Tanner (C.A. No. 15-379 D.I. 408; C.A. No. 15-788 D.I. 329), Defendants' Motions to Preclude the Analysis of Rebecca Reed-Arthurs (C.A. No. 15-379 D.I. 410; C.A. No. 15-788 D.I. 330), Defendants' Motions to Preclude the Expert Opinions of Ionut Mirel (C.A. No. 15-379 D.I. 411; C.A. No. 15-788 D.I. 331), Defendants' Motions to Preclude the Expert Opinions of David A. Kennedy (C.A. No. 15-379 D.I. 412; C.A. No. 15-788 D.I. 332),

Plaintiff's Motions for Partial Summary Judgment of No Invalidity (C.A. No. 15-379 D.I. 414; C.A. No. 15-788 D.I. 339), Defendants' Motions for Summary Judgment of Non-Infringement (C.A. No. 15-379 D.I. 416; C.A. No. 15-788 D.I. 337), and Plaintiff's Motions to Preclude the Infringement and Validity Expert Reports of Clifford Reader (C.A. No. 15-379 D.I. 419; C.A. No. 15-788 D.I. 344). The Court heard arguments on these motions on December 19, 2018 and took all motions under advisement.

1. Having considered the parties' briefs and arguments, the Court finds that it will benefit from additional briefing addressing the following questions:

   a. Are either of the two sets of SoC declarations admissible as authenticating source code evidence under Rule 901(b)(4) of the Federal Rules of Evidence, and are either of the two sets of SoC declarations and the source code itself (produced by the SoC manufacturers) admissible under the Rule 803(6) hearsay exception?

   b. If the Court grants summary judgment of infringement, should the Court also decide the remaining motions; alternatively, if the Court grants summary judgment of non-infringement, should the Court also decide the remaining motions?

   c. What is the evidentiary basis, if any, by which a reasonable factfinder could find that the Defendants directly infringe the asserted patent through testing?

   d. If Plaintiff's *SiRF*[1] theory of direct infringement fails, who is the direct

---

[1] *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319 (Fed. Cir. 2010).

infringer and, if it is no one, is that a problem?

2. **IT IS HEREBY ORDERED** that on **January 10, 2019**, the parties shall file simultaneous briefs, not to exceed ten (10) pages each, addressing the questions listed above. Simultaneous responsive briefs, not to exceed five (5) pages each, shall be filed on **January 15, 2019**.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE