# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WI-LAN INC., | : |
| Plaintiff, | : |
| v. | : C.A. No. 15-379-LPS |
| SHARP ELECTRONICS CORPORATION, | : |
| Defendant. | : |
| WI-LAN INC., | : |
| Plaintiff, | : |
| v. | : C.A. No. 15-788-LPS |
| VIZIO, INC., | : |
| Defendant. | : |

Brian E. Farnan and Michael J. Farnan, FARNAN LLP, Wilmington, DE

Monte M. Bond, Jeffrey R. Bragalone, Patrick J. Conroy, and Terry Saad, BRAGALONE CONROY P.C., Dallas, TX

    Attorneys for Wi-LAN Inc.

Jack B. Blumenfeld and Stephen J. Kraftschik, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE

Gianni Cutri, Joel Merkin, and Rajat Khanna, KIRKLAND & ELLIS LLP, Chicago, IL

Michael W. De Vries, KIRKLAND & ELLIS LLP, Los Angeles, CA

Adam R. Alper and James Beard, KIRKLAND & ELLIS LLP, San Francisco, CA

    Attorneys for Sharp Electronics Corporation.

Pilar Gabrielle Kraman, YOUNG, CONAWAY, STARGATT & TAYLOR, LLP, Wilmington, DE

Rex Hwang, Stanley M. Gibson, and Jessica Newman, JEFFER MANGELS BUTLER & MITCHELL LLP, Los Angeles, CA

    Attorneys for Vizio, Inc.

---

## MEMORANDUM OPINION

September 12, 2019
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

Pending before the Court are Wi-LAN Inc.'s ("Wi-LAN" or "Plaintiff") motion for entry of final judgment of noninfringement under Federal Rule of Civil Procedure 54(b) (D.I. 502) and Defendants Sharp Electronics Corporation ("SEC") and Vizio, Inc.'s ("Vizio" and, collectively with SEC, "Defendants") motion for judgment of noninfringement of U.S. Patent No. 6,490,250, or in the alternative, to dismiss Wi-LAN's infringement claim (D.I. 499).[1]

## I. BACKGROUND

While initially a three-patent case, there are no longer any viable infringement claims in this action.

In November 2017, Plaintiff voluntarily dismissed U.S. Patent No. 5,847,774. (D.I. 216)

On February 14, 2019, the Court granted summary judgment of noninfringement of U.S. Patent No. 6,359,654 (the "'654 patent"). (*See* D.I. 487, 488)

In the meantime, after the Court issued its claim construction opinion and order on April 27, 2018 (D.I. 280, 281), Plaintiff on May 15, 2018 indicated to Defendants its willingness to stipulate to noninfringement of U.S. Patent No. 6,490,250 (the "'250 patent"). (*See* D.I. 503 Ex. A) Although the parties soon thereafter stopped actively litigating the '250 patent, the parties were never able to agree on how to terminate the case with respect to the '250 patent. On March 6, 2019, Plaintiff unilaterally filed a proposed stipulation of noninfringement ("Stipulation"). (*See* D.I. 496) The next day, Defendants wrote to advise the Court they did not agree with the Stipulation, which in their view contained "inaccurate information" and "'undisputed facts' that are not agreed to by the parties." (D.I. 497) The Court then directed the parties to file "any

---

[1] Citations to the docket are to C.A. No. 15-379 but apply equally to corresponding filings in the C.A. No. 15-788 action, unless otherwise specified.

1

motions for judgment or dismissal with respect to the '250 patent" (D.I. 498), which they subsequently did. Those motions are now fully briefed (*see, e.g.*, D.I. 500, 502, 506-07, 509-10) and ripe for resolution.

## II. DISCUSSION

### A. Plaintiff's Rule 54(b) Motion for Entry of Final Judgment

Plaintiff "agrees, based on the Court's Memorandum Opinion on Claim Construction and the current record, that it cannot prove that the accused products meet certain limitations of [the '250 patent]." (D.I. 502 at 1) Plaintiff, thus, requests that the Court enter final judgment on Plaintiff's claims for infringement of the '654 and '250 patents and Defendants' counterclaims of noninfringement, and dismiss without prejudice Defendants' counterclaims for invalidity of the '654 and '250 patents. (*Id.* at 1-2) Defendants contend that Plaintiff's motion is procedurally improper, factually inaccurate, and legally unsupportable. (*See generally* D.I. 507)

The Court may grant a Rule 54(b) motion if (1) there is a "final judgment" or "an ultimate disposition of an individual claim entered in the course of a multiple claims action," and (2) "there are no just reasons to delay the appeal of individual final judgments." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980).

#### 1. Entry of Final Judgment[2]

The record before the Court includes a signed Stipulation by Plaintiff to which Defendants refused to consent. The Stipulation provides Plaintiff's concession that, pursuant to the constructions of two claim terms – "a multimedia processor, coupled to the data rate

---

[2] Contrary to Defendants' view, the lack of a final judgment in this matter at the time Plaintiff filed its motion does not doom that motion to failure. Federal Rule of Civil Procedure 54(b) permits the Court to "direct entry of a final judgment," which is what Plaintiff is requesting the Court to do.

2

analyzer" and "output multimedia data stream" – Plaintiff "cannot prove infringement of claims 1, 4, and 6 of the '250 patent." (D.I. 496 at 3) Plaintiff bases its concession on two purportedly "undisputed facts" (*see id.*) that, by contrast, Defendants contend are disputed (D.I. 507 at 3-8). First, according to Plaintiff, the "data rate analyzer" of the accused products is "embedded within the 'multimedia processor,'" and the "combined audio and video stream" is "located within the 'multimedia processor.'" (D.I. 496 at 3) Defendants counter argue that these statements are inaccurate and not supported by any evidence. (*See* D.I. 507 at 4-5) Defendants also insist that there are several other claim limitations Plaintiff cannot prove are present in the accused products and, further, that Plaintiff has incorrectly defined "the '250 Accused Products." (*See id.* at 6)

Entry of final judgment pursuant to Rule 54(b) requires a record that sufficiently explains the factual basis for the judgment (e.g., explanation of the factual basis for a finding of noninfringement, such as that particular claim constructions make infringement impossible). *See Jang v. Bos. Sci. Corp.*, 532 F.3d 1330, 1337-38 (Fed. Cir. 2008). As long as the Court of Appeals will be able to ascertain from the record the basis for a patentee's concession of noninfringement, then a Rule 54(b) judgment may be entered and an appeal can be taken. *See id.* Here, notwithstanding the parties' disagreements as to certain aspects of what Plaintiff proposed to include in its Stipulation, the Federal Circuit should have no difficulty gleaning the basis for the judgment Wi-LAN may challenge on appeal. As Wi-LAN concedes, it cannot meet (at least) the claim limitations corresponding to the two claim constructions cited in its proposed Stipulation, on which it lost in the Court's claim construction order: "a multimedia processor, coupled to the data rate analyzer" and "output multimedia data stream." (D.I. 496 at 3; D.I. 502 Exs. 1-2) Because Plaintiff cannot prove at least these two limitations are present in the accused

3

products, it cannot prevail on its infringement case. Disputes as to whether Plaintiff's failure of proof could also be articulated in different ways (preferred by Defendants), and whether additional failures by Plaintiff would also justify a judgment of noninfringement, do not make the record on which the Court is entering a Rule 54(b) judgment somehow deficient or inappropriate for appellate review.[3]

The Court understands that Defendants do not agree that certain statements in Plaintiffs' Stipulation are "undisputed." (*See, e.g.*, D.I. 507 at 3-4) This disagreement does not make Plaintiffs' requested relief unjustified. No doubt Defendants will have an opportunity to explain their position even further on appeal. And as is clear from the briefing, "Wi-LAN is not trying to force the Court [to] accept as true the contested statements in Wi-LAN's stipulation." (D.I. 509 at 4) (internal quotation marks omitted)

What is key for this Court's purposes is that it is undisputed that Plaintiff cannot prove infringement of the two claim elements on which it lost the claim construction disputes identified in the Stipulation. The Court disagrees with Defendants' contention that "[w]ithout the[] contested statements, Wi-LAN's 'stipulation' is devoid of any factual predicate for the appellate court to consider when deciding issues on appeal." (D.I. 507 at 10) The necessary factual predicate is that Plaintiff concedes it cannot prove by a preponderance of the evidence that any of the '250 Accused Products have a "multimedia processor, coupled to a data rate analyzer" or an "output multimedia data stream," so long as the Court's construction of those two terms stands.

---

[3] The Court's decision today is without prejudice to Defendants raising all of the non-infringement arguments they present in the pending motions briefing again, if the case is remanded for further proceedings following an appeal. This includes Defendants' argument about the lack of admissible evidence regarding source code. (*See* D.I. 487, 488) (granting summary judgment of noninfringement of '654 patent)

4

In similar circumstances, courts have often permitted a party to consent to final judgment to allow for expeditious appeals of claim construction orders and to conserve party and court resources. *See York Prods., Inc. v. Cent. Tractor Farm & Family Ctr.*, 99 F.3d 1568, 1571 (Fed. Cir. 1996) (finding proper a party's consent to adverse party's JMOL so it could appeal claim construction order, so as "to expedite its appeal and to conserve both its client's and the court's resources"); *Otsuka Pharm. Co., Ltd. v. Zydus Pharm. USA, Inc.*, 314 F.R.D. 372, 377-78 (D.N.J. 2016), *aff'd*, 694 Fed. App'x 808 (Fed. Cir. 2017) (granting Rule 54(b) motion where stipulated judgments of noninfringement filed after claim construction "left no litigable issues" and "fully disposed of Otsuka's infringement claims"); *Sport Dimension, Inc. v. Coleman Co., Inc.*, 2015 WL 12732711, at *2-5 (C.D. Cal. Mar. 18, 2015), *vacated and remanded on other issues*, 820 F.3d 1316 (Fed. Cir. 2016) (granting Rule 54(b) motion for entry of judgment of noninfringement following claim construction order because "request effectively ends the litigation on this issue [of infringement] and leaves nothing left for the Court to do on this cause of action but execute the judgment").

The instant case is similar to *Schering Corp. v. Amgen, Inc.*, 35 F. Supp. 2d 375, 377 (D. Del. 1999), in which this Court confronted a "situation in which both parties agree[d] that a judgment of noninfringement of the [patent] should be entered against the plaintiffs" but disagreed "upon the means by which this action should be accomplished." As has occurred here, in *Schering* the plaintiffs filed a motion for entry of judgment while the defendant filed a motion for summary judgment. *See id.* The Court decided "[t]he prudent course of action" was to enter judgment in favor of the defendant and dismiss the invalidity counterclaims as moot in order to facilitate the plaintiffs' appeal of the claim construction decision and to preserve the resources of the parties and the Court. *See id.* at 378. The same course of action is appropriate here.

## 2. No Just Reasons for Delay

Determining whether there is "no just reason for delay" of an appeal is a matter addressed to the discretion of the district court. *See Curtiss-Wright*, 446 U.S. at 10. In resolving this issue, the district court must take into account "judicial administrative interests as well as the equities involved." *Id.* at 8. In a patent case, the district court must "consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992).

The Court agrees with Plaintiff that, here, there is no just reason to delay Plaintiff's appeal.[4] If the Federal Circuit affirms this Court's construction of one or both of the disputed terms cited in this opinion, no further proceedings with respect to infringement will be required, and the Court will have preserved resources by having refrained from undertaking the unnecessary exercise of determining whether the two evidentiary deficiencies Plaintiff concedes (based on the Court's constructions) are the full universe of Plaintiff's failings or whether Plaintiff's infringement case also fails on other grounds. If the Federal Circuit reverses this Court on both of the disputed claim terms, then further proceedings with respect to infringement will be required, which the Court can take up more efficiently in conjunction with the invalidity defenses and counterclaims which would then also have to be litigated – all on what would then be the correct, rather than erroneous, constructions.

As Plaintiff writes: "The parties agree that the Court's Claim Construction Order precludes a finding of infringement for the accused products and that judgment of non-infringement is

---

[4] Proceeding as Plaintiff has requested does not give rise to a possibility that the Federal Circuit will ever have to review the same claim constructions more than once.

6

appropriate." (D.I. 509 at 1) The Court further agrees with Plaintiff that its motion offers "the most efficient and direct manner for finally resolving all claims in these cases and placing them in position for appeal." (*Id.* at 1-2)[5] Accordingly, the Court will grant Plaintiff's Rule 54(b) motion and dismiss Defendants' invalidity counterclaims without prejudice.

**B.      Defendants' Motion for Summary Judgment of Noninfringement**

Defendants move for summary judgment of noninfringement pursuant to Federal Rule of Civil Procedure 56 or, in the alternative, for dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b). (D.I. 499)

The Court will deny summary judgment without prejudice.[6] Plaintiff has conceded two bases for entry of judgment of noninfringement of the '250 patent and the Court sees no reason to resolve the evidentiary, procedural, and technical complexities Defendants seek to put before the Court in order to decide whether to grant such judgment on additional bases. Should this case be remanded for further proceedings with a different claim construction than the ones adopted by this Court, Defendants will have an opportunity (should they seek it) to renew all of their arguments as to the flaws in Plaintiff's case.

The Court will deny Defendants' request for dismissal due to failure to prosecute. In determining whether dismissal is warranted, the Court considers:

> (1) the extent of the party's personal responsibility; (2) the prejudice . . . caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith;

---

[5] Accepting Defendants' alternative invitation to resolve disputed issues of fact, and make findings about purported evidentiary failings by Plaintiff, would not be a wise use of the Court's limited judicial resources, given the totality of circumstances presented here.

[6] Plaintiff insists that Defendants cannot establish "good cause" under Rule 16 for the timing of their motion for summary judgment. (*See* D.I. 506) (citing Fed. R. Civ. P. 16(b)(4)) The Court disagrees. Defendants filed their motion according to the schedule the Court entered for dealing with the parties' (surprising) difficulty resolving issues relating to non-infringement of the '250 patent.

7

(5) the effectiveness of sanctions other than dismissal . . . ; and (6) the meritoriousness of the claim.

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Application of these factors here does not warrant dismissal. As Wi-LAN accurately explains:

> [A]ll parties agreed[7] to cease litigating infringement of the '250 patent based on Wi-LAN's non-infringement concession so no fault or bad faith is attributable to Wi-LAN, especially in light of SEC's threats of sanctions if Wi-LAN continued to pursue its infringement claims. Further, SEC will not suffer any prejudice since its counterclaims will be dismissed without prejudice and neither Defendant will need to address the merits unless Wi-LAN wins on appeal. And Wi-LAN was not dilatory and promptly stipulated to non-infringement after the Court's claim construction ruling.

(D.I. 506 at 11-12)

## III. CONCLUSION

For the reasons given above, the Court will grant Plaintiff's motion for entry of judgment pursuant to Rule 54(b). The Court will also enter modified versions of Plaintiff's proposed orders. The Court's amendments to Plaintiff's proposals make clear that it is not just the proposed Stipulation but the record more broadly which demonstrates that there are no litigable issues regarding the conceded bases for noninfringement as to the '250 patent.

---

[7] Defendants contend that the parties never reached an agreement that Wi-LAN could stop litigating the '250 patent without impunity. (*See, e.g.*, D.I. 507 at 6-7) Defendants insist that some additional discovery relating to the '250 patent took place as late as three weeks after Plaintiff confirmed for Defendants it would not be litigating the '250 patent any longer. (*See id.* at 8) Plaintiff's characterization of what occurred (including that Plaintiff did not object to deposition questioning by Defendants) is credible and persuasive. (*See* D.I. 509 at 6) Nothing in the record undermines Plaintiff's contention that it, fully and in good faith, believed the parties had agreed that the infringement case with respect to the '250 patent was no longer proceeding. Given Plaintiff's realization about the dispositive nature of the claim construction loss, given Defendants' threats to pursue Rule 11 sanctions and Section 285 relief if Plaintiff continued thereafter to litigate the '250 patent, and given Plaintiff's confirmation to Defendants that Plaintiff was not any longer litigating the '250 patent, Plaintiff was right to believe the parties had agreed that there would be no further (pre-appeal) litigation of the '250 patent.

8

The Court will deny Defendants' motion for summary judgment without prejudice to renew if this case is remanded following an appeal and proceeds on a different claim construction. The Court will deny Defendants' motion for dismissal due to lack of prosecution.