# FARNAN LLP

February 9, 2022

**VIA E-FILE**
The Honorable Leonard P. Stark
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

**Re:** *Wi-LAN Inc. v. Sharp Electronics Corp.*, C.A. No. 15-379-LPS
*Wi-LAN Inc. v. VIZIO, Inc.*, C.A. No. 15-788-LPS

Dear Judge Stark:

On behalf of Plaintiff Wi-LAN Inc., I write to object to Defendants' request for attorney's fees. Defendants collectively seek over ▓▓▓▓▓▓ in attorney's fees for less than 17 months of work in this lawsuit. The amount sought by Defendants is not based on a proper lodestar calculation, which multiplies "a reasonable hourly rate by the reasonable number of hours required to litigate a comparable case." *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016). Instead, Defendants' request is based on the amount of fees actually charged by Defendants' attorneys.

"[A] reasonable hourly rate is 'the prevailing market rate,' defined as the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). While 35 U.S.C. § 285 does not specify the standard for determining which hourly rate a court should apply to the lodestar analysis (i.e., the prevailing market rate of the forum court or the prevailing market rate of the geographic location where the attorney is based), "the courts of appeals have uniformly concluded that, in general, forum rates should be used to calculate attorneys' fee awards under other fee-shifting statutes." *Id.* Because § 285 like other fee-shifting statutes refers to "reasonable attorney fees," the forum rates should generally apply unless "the bulk of the work is done outside of the [forum] in a legal market where the prevailing attorneys' rates are *substantially lower*." *See id.* at 1348–49 (emphasis added).

While Defendants' fee submission does not disclose the actual hourly rates charged for each attorney who worked on this case, it is clear that Defendants' out-of-state counsel billed at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ than their local counsel in Delaware. SEC's out-of-state counsel billed ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ during the relevant time period (a blended rate of ▓▓▓▓▓▓▓▓▓▓▓▓▓). In contrast, SEC's local counsel billed ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ during the relevant time period (a blended rate of ▓▓▓▓▓▓▓▓). Similarly, VIZIO's out-of-state counsel billed ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ during the relevant time period (a blended rate of ▓▓▓▓▓▓▓▓▓), whereas its local counsel billed ▓▓▓▓▓▓▓▓▓ during the relevant time period (a blended rate of ▓▓▓▓▓▓▓▓).

The hourly rates of Defendants' out-of-state counsel are also inconsistent with the hourly rates charged by IP attorneys in the greater Philadelphia area during the relevant time period. According to the American Intellectual Property Law Association's ("AIPLA") 2019 Report of the Economic Survey, private firm equity partners in the Philadelphia area billed on average at a rate of $599 per hour and partner-track attorneys billed at an average rate of $381 per hour. *See* Ex. A at I-29, I-42 (Excerpts of AIPLA 2019 Report of the Economic Survey). Thus, on average, Philadelphia IP attorneys billed at approximately $490 per hour. Given the disparity between the rates charged by Defendants' out-of-state counsel and the hourly rates charged in this forum, it would be improper for the Court to award Defendants' attorney's fees based on the rates actually charged by Defendants' attorneys. Instead, Wi-LAN requests that the Court utilize a lodestar rate of $500 per hour, which would result in an award of ███████████████████████ ███████████████ during the time period covered by the Court's order.

A total award of ██████████ is more consistent with the typical cost of patent litigation during the relevant time period. According to the AIPLA's 2019 report, the median cost of the *entire* litigation from case filing through pre- and post-trial and appeal in 2019 was just $4 million where there was more than $25 million at stake (inclusive of outside legal and paralegal services, local counsel, associates, paralegals, travel and living expenses, fees and costs for court reports, photocopies, courier services, exhibit preparation, analytical testing, expert witnesses, translators, surveys, jury advisors, and similar expenses). *See* Ex. A at 50. Here, the Court's order does not cover nearly 3 of the almost 7 years during which the parties have actively litigated this case (~43% of the litigation). The median cost of litigation in 2019 for the same amount of work would have been approximately $2.28 million (57% of $4 million), which is significantly less than the amount sought by Defendants.

For the foregoing reasons, Wi-LAN respectfully requests that the Court's limit its award of fees to no more than ██████████.[1]

In addition, Defendants do not specify in the vast majority of their time entries how the work related to the '654 patent, so it is unclear whether there are entries that relate only to the '250 and/or '774 patents. *See* Ex. B (Defendants' Fee Request, Feb. 2, 2022). Indeed, Wi-LAN identified several entries that appeared not to relate to the '654 patent, including, for example, entries that appeared to relate to Defendants' summary judgment motion for non-infringement of the '250 patent and entries that appeared to not even relate to this case:

---

[1] Wi-LAN is separately seeking reconsideration of the Court's order granting in part Defendants' motions for attorney's fees and requests that the Court narrow the relevant time period for fees to either December 19, 2018 to February 14, 2019, or, alternatively, October 23, 2018 to February 14, 2019. During this time period, Defendants billed ████████████████████████████████ respectively, which would further reduce the amount of Defendants' fee award.



While Defendants have agreed to remove these specific entries, Wi-LAN respectfully requests that the Court order Defendants to provide more detailed descriptions so that Wi-LAN can ensure that Defendants' fee request relates to matters involving the '654 patent.

                                                    Respectfully submitted,

                                                    */s/ Brian E. Farnan*

                                                    Brian E. Farnan

cc: Counsel of Record (via E-Mail)